IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

USCA Case No. 25-11376
United States District Court, Middle District of Florida
Case No.: 8:23-CV-181

BLAKE WARNER

Appellant

v.

THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA

Defendant/Appellee.

**APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S
MOTION TO CERTIFY QUESTION TO FLORIDA SUPREME COURT**

KRISTEN M. FIORE, B.C.S. (25766)
**AKERMAN LLP**
201 East Park Avenue, Suite 300
Tallahassee, Florida 32301
Telephone: (850) 224-9634
Facsimile: (850) 222-0103
kristen.fiore@akerman.com

JASON L. MARGOLIN (69881)
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 209-5009
Facsimile: (813) 223-2837
jason.margolin@akerman.com

ATTORNEYS FOR APPELLEE

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1

Pursuant to F.R.A.P. 26.1 and 11th Cir. R. 26.1-1, Appellee, The School Board of Hillsborough County, Florida by and through its undersigned counsel, hereby discloses the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock:

1. Akerman LLP (Attorneys for Appellee)
2. Fiore, Kristen M. (Attorney for Appellee)
3. Griffin, Lindsay S., U.S. Magistrate Judge (M.D. Fla.)
4. Margolin, Jason L. (Attorney for Appellee)
5. Merryday, Steven D., U.S. Dist. Judge (M.D. Fla.)
6. Moran, Gregg (Attorney for Appellee)
7. Sneed, Julie, U.S. Dist. Judge (M.D. Fla.)
8. The School Board of Hillsborough County, Florida (Appellee)
9. Warner, Blake (Appellant)

# INTRODUCTION[1]

In this Appeal, Warner seeks to pursue claims he released and waived years ago in a Settlement Agreement with the School Board, which Warner executed individually and on behalf of his minor child. As part of his attempt to circumvent the dismissal below, Warner seeks to certify a question to the Florida Supreme Court, incorrectly suggesting there is an unsettled question at issue.

Florida law is clear: three parties may enter into a contract where two parties (Party A and Party B) provide consideration to induce another party (Party C) to act. The enforceability of the contract is not undermined even if Party C provides consideration that only benefits Party A and not Party B. Although Warner endeavors to twist this case into something novel, he cannot do so. The Court should deny the motion to certify a question.

# FACTUAL BACKGROUND

Although barred from doing so by a prior settlement agreement, Warner sued the School Board in an effort, primarily, to change the school boundary assignment for his new home. (The home was "new" to Warner in that he had purchased it after he settled a prior lawsuit with the School Board through which he had secured

---

[1] This Response cites to the District Court docket entries by page number (*i.e.*, [Doc. 1 at 1]) and Warner's Motion by page number (*i.e.*, [Mot. 1]). This Response refers to Appellant Blake Warner as "Warner" and Appellee the School Board of Hillsborough County, Florida as the "School Board."

admission for his son to schools other than those for which his prior home was zoned.) While the School Board vehemently denies Warner's allegations of racially discriminatory districting practices, all of the claims in the case – whether asserted by Warner or by his minor child – were barred by a prior settlement agreement. The District Court ultimately dismissed the underlying action on this basis.

On March 15, 2022, Warner settled a Florida state administrative case against the School Board involving his minor child, J.W. (The settlement agreement is part of the record in District Court case 8:23-cv-181 (M.D. Fla.) ("Case 181"), at Doc. 82-1 (the "Settlement Agreement"). The Settlement Agreement contains a broad release for "any and all claims, demands, causes of action, complaints or charges, known or unknown specifically related [to] J.W.'s education, services, and educational program in the District through the date of execution of this Agreement." *Id.*, ¶ 5. The release in the Settlement Agreement explicitly provides that it covers any claim that "may belong independently to J.W. related to his educational services and program." *Id.* The Settlement Agreement also contains an agreement not to sue the School Board. *Id.*, ¶ 6.

In exchange for the releases and covenant not to sue provided by both Warner and J.W., they secured, in the settlement of the administrative cases, the right to attend specific schools in south Tampa, Florida. *Id.* ¶ 4(b). Thereafter, Warner

purchased a new home in north Tampa, and apparently was unhappy with the commute to the schools he had chosen for J.W. in south Tampa. Doc. 1, ¶ 58.

In the case underlying this appeal, Case 181, Warner then sued The School Board in federal court on behalf of himself and J.W. In his first *pro se* complaint in Case 181 Warner attempted to plead the following claims: Count I, 20 U.S.C. § 1703(a): Deliberate Segregation; Count II, 20 U.S.C. § 1703(c): Closest School; Count III, 42 U.S.C. § 1983: Equal Protection – Race; Count IV, 42 U.S. C. § 3604(b): Intentional Discrimination School Services; Count V, 42 U.S.C. § 3604(b): Disparate Impact School Services. Doc. 1. Warner identified Counts I and II as being filed by his minor child (J.W.) only, with Counts III-V being filed by both Warner and his child. Although Warner purported to challenge the district boundaries, it was clear he was concerned with the school assignment for the new home he had purchased. *See* Doc. 1, ¶ 58 ("Due to HCSB's manipulation of property values, Mr. Warner and J.W. were priced out *South Tampa* and had to relocate to more diverse *North Tampa*, further increasing segregation in *South Tampa* and resulting in a loss of community for both Mr. Warner and J.W.") (emphasis original).

Subsequently, Warner filed an amended complaint containing substantially the same allegations, but removing any mention of his minor child, J.W. Doc. 29. At the same time filed a separate action, No. 8:23-cv-1029 (M.D. Fla), ("Case 1029") on behalf of J.W., which he then sought to consolidate with Case 181 to which

Warner's son had been removed as a party. In other words, Warner split his lawsuit in two, and then immediately asked the District Court to consolidate the two cases. Case 1029 Doc. 28; Case 181 Doc. 37.

After some briefing, Case 1029 was quickly dismissed; as the District Court explained, Warner could not split his claims and he could not file a suit on behalf of J.W. Case 1029 Doc. 28; Case 181 Doc. 37. That order dismissed Case 1029 and directed Warner to plead any claims in the earlier-filed (Case 181) action, and directed the clerk to file a copy of the July 5, 2023 order in that case's docket. *Id.*

Warner next filed a second amended complaint in Case 181, then the only case still pending, this time removing counts he had purported to assert on behalf of J.W. but including allegations about J.W.'s school assignment. Case 181 Doc. 38. Warner then filed another motion for preliminary injunction, seeking to have the District Court order that J.W. attend sixth grade for the 2023-2024 school year at a specific school. Doc. 40, p.1.

Separately, in both Case 181 and Case 1029, Warner appealed the July 5, 2023 order dismissing Case 1029 to the extent it rejected his ability to sue *pro se* on behalf of J.W., which appeals were consolidated. Case 181 Doc. 42; Case 1029 Doc. 29; Case 1029 Doc. 32. Neither party moved to stay Case 181 pending appeal. After considering the briefs on its non-argument calendar, this Court entered its order, *per curium*, affirming the district court's ruling with a written opinion. *See Warner v.*

4
81315757;1

*Sch. Bd. of Hillsborough Cnty., Florida*, No. 23-12408, 2024 WL 2053698 (11th Cir. May 8, 2024). Warner sought certiorari review of this decision in the United States Supreme Court, which denied review on May 19, 2025.

Meanwhile, back in the District Court (and in Case 181), the School Board responded in opposition to Mr. Warner's motion for a preliminary injunction and moved to dismiss Warner's second amended complaint. Case 181 Docs. 41 and 45. In doing so the School Board also explained Mr. Warner's prior settlement agreement was fatal to the claim. *See* Doc. 41, pp. 13-14. The motions were referred to a Magistrate Judge, who recommended dismissing all but one of Warner's claims and denying his motion for preliminary injunction. Doc. 72.

The District Court then dismissed all but one of Warner's claims, some with prejudice, and some with leave to amend, and also denied his motion for preliminary injunction without prejudice. Doc. 78. Warner then filed a third amended complaint, containing only two counts, both brought under 42 U.S.C. § 1983. Doc. 79.

The School Board moved for judgment on the pleadings. Doc. 86. After substantial briefing and additional filings, and with the benefit of a report and recommendation from a Magistrate Judge (Doc. 112), the District Court accepted the Magistrate Judge's recommendation, converted the School Board's motion into one for summary judgment and granted it, Doc. 120, and entered final judgment, Doc. 121.

The District Court dismissed Warner's claims based on the administrative case settlement agreement, in which Warner had released all "claims 'specifically related to J.W.'s education' and otherwise agreed not the sue the School Board for claims predicated on conduct occurring before March 15, 2022." Doc. 112, p.26 (recommendation). This appeal then followed.

## LEGAL STANDARD

Certification is discretionary, to be used judiciously to avoid unnecessary speculation about state law and to respect the state court's role as the final arbiter of its own laws. *Matamoros v. Broward Sheriff's Office*, 2 F.4th 1329, 1335 n.4 (11th Cir. 2021) (declining to certify question that was not close and where sources of Florida law were "sufficient to allow us to reach a principled conclusion."); *see also MCI WorldCom Network Servs., Inc. v. Mastec, Inc.*, 370 F.3d 1074, 1075 (11th Cir. 2004) ("Because we find that these are unsettled questions of distinct importance to the development of Florida tort law and dispositive of the case at hand, we certify the issues to the Florida Supreme Court."), *certified question answered*, 995 So. 2d 221 (Fla. 2008); *Ford v. Strickland*, 696 F.2d 804, 808 (11th Cir. 1983) (declining to certify question of state law to Florida Supreme Court).

To certify a question, the Court must find "the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida." Fla. R. App. P. 9.150; Art. V, § 3, Fla. Const. (b)(6) ("May review a question of law

6

certified by the Supreme Court of the United States or a United States Court of Appeals which is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida."); § 25.031, Fla. Stat. ("there are involved in any proceeding before it questions or propositions of the laws of this state, which are determinative of the said cause, and there are no clear controlling precedents in the decisions of the Supreme Court of this state").

**ARGUMENT**

**1.     Florida Law is Clear and Controlling Here.**

The settlement of a claim of any type can be valid consideration—"consideration 'need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee.'" *Fla. Power Corp. v. Pub. Serv. Comm'n*, 487 So. 2d 1061, 1063 (Fla. 1986) (quoting *Dorman v. Publix-Saenger-Sparks Theaters*, 184 So. 886, 889 (Fla. 1938)); *accord Real Estate World Fla. Commercial, Inc. v. Piemat, Inc.*, 920 So. 2d 704, 706 (Fla. 4th DCA 2006).

As the Florida Supreme Court recognized nearly 100 years ago, the consideration does <u>not</u> need to benefit the person making the promise for the contract to be enforceable. *Dorman*, 184 So. at 889 ("it is axiomatic in the law of contracts that a benefit flowing to the Theatre Company from a third party is sufficient consideration irrespective of whether there is a benefit flowing from the promisee.").

7

certified by the Supreme Court of the United States or a United States Court of Appeals which is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida."); § 25.031, Fla. Stat. ("there are involved in any proceeding before it questions or propositions of the laws of this state, which are determinative of the said cause, and there are no clear controlling precedents in the decisions of the Supreme Court of this state").

**ARGUMENT**

**1.     Florida Law is Clear and Controlling Here.**

The settlement of a claim of any type can be valid consideration—"consideration 'need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee.'" *Fla. Power Corp. v. Pub. Serv. Comm'n*, 487 So. 2d 1061, 1063 (Fla. 1986) (quoting *Dorman v. Publix-Saenger-Sparks Theaters*, 184 So. 886, 889 (Fla. 1938)); *accord Real Estate World Fla. Commercial, Inc. v. Piemat, Inc.*, 920 So. 2d 704, 706 (Fla. 4th DCA 2006).

As the Florida Supreme Court recognized nearly 100 years ago, the consideration does <u>not</u> need to benefit the person making the promise for the contract to be enforceable. *Dorman*, 184 So. at 889 ("it is axiomatic in the law of contracts that a benefit flowing to the Theatre Company from a third party is sufficient consideration irrespective of whether there is a benefit flowing from the promisee.").

7

81315757;1

> 'It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. Indeed, there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.'

*Dorman*, 184 So. at 889 (quoting 13 C.J., Contracts, Sec. 150, pp. 315, 316).

The Florida Supreme Court directly addressed the issue of consideration flowing differently among multiple parties to a contract in 1938 in the *Dorman* case. Thus, there is no need to certify a question here because Warner cannot establish "there is no controlling precedent of the Supreme Court of Florida." *See* Fla. R. App. P. 9.150; Art. V, § 3, Fla. Const. (b)(6). And Warner's contention to the contrary, *see* Mot. p.7 ("No Florida Supreme Court decision directly addresses whether distinct consideration must flow to a parent who contracts both individually and as representative of their minor child when releasing claims unrelated to the child's interests."), fails. The specific context of the underlying claim (a settlement agreement in which Warner and his minor child released claims against the School Board in exchange for education benefits to the minor child) does not change the analysis. The Florida Supreme Court has clearly and directly addressed the broader issue of whether consideration must flow to each party: it need not do so. *See Doorman*, 184 So. at 889. Therefore, the Court should deny the Motion.

8

## 2. Two Parties May Provide Consideration to Induce a Third Party to Act.

If a promise from one side of the contract is sufficient consideration to be given in exchange for a promise on the other side, then as a matter of Florida law, it is sufficient as consideration for as many promises as the opposite party has agreed to provide in the contract. *See Jenkins v. City Ice & Fuel Co.*, 160 So. 215, 218 (Fla. 1935) ("here a promise is sufficient as a consideration if it alone were bargained for and given in exchange for a promise on the other side, it is sufficient as a consideration for as many promises as the opposite party has bargained for and given in exchange for it."); *see also* Restatement (Second) of Contracts § 80 (1981) ("Since consideration is not required to be adequate in value (see § 79), two or more promises may be binding even though made for the price of one. A single performance or return promise may thus furnish consideration for any number of promises.").

In contrast to clear Florida law, Warner contends incorrectly that the law "requires that each party to a contract receive consideration." *See* Mot., p.8. Based on this false premise, Warner contends the School Board's consideration to J.W., cannot be consideration sufficient to have Warner provide a release. *Id.*

Warner's argument fails under Florida law. Under Florida law, the School Board's consideration – even if flowing only to J.W. – is sufficient to be exchanged for consideration (the release and agreement not to sue) from both J.W. and Warner. *See Jenkins v. City Ice & Fuel Co.*, 160 So. at 218.

### 3. The District Court's Analysis of Consideration is Supported.

In the magistrate's Report & Recommendation, the Court correctly explained consideration "may consist of either a benefit to the promisor or a detriment to the promisee." Doc. 112, p.19 (citing *Thayer v. Randy Marion Chevrolet Buick Cadillac*, LLC, 519 F. Supp. 3d 1062, 1068 (M.D. Fla. 2021), *aff'd*, 30 F.4th 1290 (11th Cir. 2022) (quoting *Fla. Power Corp. v. Public Serv. Comm'n*, 487 So. 2d 1061, 1063 (Fla. 1986))). The Court then reasoned the School Board provided consideration in the form of concessions related to Warner's child and his child's education. *Id.* This consideration was provided in exchange for releases from both Warner and his child. *Id.* This is supported under Florida law.

Moreover, Warner plainly received direct consideration—he signed both in his own capacity and in the capacity as his child's father, and in any event, he certainly had an interest as a parent in seeing his child receive the school assignment for which they bargained in 2022. Doc. 112, at 18; *cf.* Fla. Stat. § 1014.02 (noting generally the interest parents have in raising their children). Warner received a desired school assignment for his child, and *both* parties got to resolve a potentially time-consuming and expensive dispute and avoid any arguments the other party might have raised. *See* Doc. 112, at 19–20 (rebutting Warner's consideration argument).

Regardless, even if the consideration was not direct to Warner, Warner could still act to his detriment (by releasing a claim) to provide additional consideration to induce the School Board to act to its detriment (by agreeing to the requested school choice assignments sought for J.W.). Florida law on consideration clearly permits this result. *Fla. Power Corp.*, 487 So. 2d at 1063.

**4.    Cases Involving Guarantors are Analogous Here.**

To the extent Warner contends he did not receive any consideration from the Settlement Agreement with the School Board, the School Board still provided adequate consideration for Warner to release his claims by providing consideration to Warner's child. *See* §§ 2-3 above. In this scenario, case law involving guarantors is analogous and demonstrates the enforceability of such promises. *See Fla. Asphalt Pavement Mfg. Co. v. Fed. Reserve Bank of Atlanta*, 76 F.2d 326, 327 (5th Cir. 1935) (applying Florida law) ("It is also well settled that, where one assumes and guarantees the obligation of another to a third person, consideration moving from the third person to the original obligor or consideration moving from the original obligor to the guarantor is sufficient to support the validity of the contract.").

> The rule is thus stated in Restatement Contracts: 'Consideration may be given to the promisor or to some other person. It may be given by the promisee or some other person.' Section 75(2). The following Florida decisions apply the rule: Hunter v. Wilson, 21 Fla. 250; Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135; Bennett v. Senn, 106 Fla. 446, 144 So. 840.

11

*Fla. Asphalt Pavement Mfg. Co.*, 76 F.2d at 328 (5th Cir. 1935).

As shown above, in the context of a guaranty contract, it is common for consideration to move among three parties and for the benefit to the guarantor to be unclear, indirect, or negligible. *Id.* Thus, even if Warner did not receive consideration directly, Florida law would still support a three-party agreement, whereby two parties each provide consideration to induce a party on the other side of the contract to act. *See F.D.I.C. v. Diamond C Nurseries, Inc.*, 629 So. 2d 157, 160 (Fla. 4th DCA 1993) ("Even if Diamond C had received nothing, the consideration flowing to Lack and Buckner, the obligors whom Diamond C was putting up its collateral to help, was consideration sufficient to support the mortgage.").

**5.      Warner's Tripartite Analysis is Flawed.**

"[I]t is axiomatic in the law of contracts that a benefit flowing to the Theatre Company from a third party is sufficient consideration irrespective of whether there is a benefit flowing from the promisee." *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886, 889 (Fla. 1938). Again, Florida law is clear: the consideration is not limited to whether each party receives a direct response for their promise; instead, a contract is enforceable even if consideration flows in complex ways and even if consideration does not flow to one of the party's making a promise. *See BrewFab, LLC v. 3 Delta, Inc.*, 580 F. Supp. 3d 1201, 1208 (M.D. Fla. 2022)

12

("Consideration can flow from one party to a third party; it is not required that consideration accrue to the party making the promise.") *aff'd*, No. 22-11003, 2022 WL 7214223 (11th Cir. Oct. 13, 2022).

Florida law does not require every party to a contract personally receive consideration in exchange for his promise to another contracting party. *Id.* ("Florida law does not require that Russo personally receive consideration in exchange for his promise to bring 3 Delta's account up to date.") (citing *LSQ Funding Group, L.C. v. EDS Field Services*, 879 F. Supp. 2d 1320, 1330 (M.D. Fla. 2012).

> It is not necessary that a benefit should accrue to the person making the promise. It is sufficient that something of value flows from the person to whom it is made, or that he suffers some prejudice or inconvenience and that the promise is the inducement to the transaction.

*Real Estate World Florida Commercial, Inc. v. Piemat, Inc.*, 920 So. 2d 704, 706 (Fla. 4th DCA 2006) (quoting *Lake Sarasota, Inc. v. Pan Am. Sur. Co.,* 140 So. 2d 139, 142 (Fla. 2d DCA 1962) (citing *Dorman,* 184 So. at 886).

In contrast, Warner incorrectly contends all three parties to this contract require separate consideration and that he "received no consideration for his gratuitous promises." *See* Mot., pp. 10-11. Although Warner promised not to sue and released any claim, it was "not necessary that a benefit should accrue to" Warner. *See Real Estate World Fla.*, 920 So. 2d at 706; *Lake Sarasota*, 140 So. 2d 142;

*Dorman,* 184 So. at 886. Thus, Warner's attacks fail to justify certifying any question to the Florida Supreme Court.

## **CONCLUSION**

WHEREFORE, the School Board requests that this Court deny Warner's Motion to Certify Question to the Florida Supreme Court.

Respectfully submitted,

/s/ Kristen M. Fiore
KRISTEN M. FIORE, B.C.S. (25766)
**AKERMAN LLP**
201 East Park Avenue, Suite 300
Tallahassee, Florida 32301
Telephone: (850) 224-9634
Facsimile: (850) 222-0103
kristen.fiore@akerman.com

JASON L. MARGOLIN (69881)
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 209-5009
Facsimile: (813) 223-2837
jason.margolin@akerman.com

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I certify that this Response complies with the type-volume limitation set forth in FRAP 27(d)(2)(A). This Response contains 3,352 words, excluding the parts of the Response exempted by FRAP 32(a)(7)(B)(iii). This Response complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Kristen M. Fiore
KRISTEN M. FIORE, B.C.S.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system.

/s/ Kristen M. Fiore
KRISTEN M. FIORE, B.C.S.