# United States Court of Appeals for the Eleventh Circuit

No. 25-11376

Blake Warner

       *Plaintiffs-Appellants,*

v.

The School Board of
Hillsborough County, Florida

       *Defendants-Appelleees.*

Appeal from the United States District Court
for the Middle District of Florida
USDC No. 8:23-CV-181

**APPELLANT'S REPLY TO APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO CERTIFY QUESTION TO FLORIDA SUPREME COURT**

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

BLAKE@NULL3D.COM

1

# CERTIFICATE OF INTERESTED PERSONS PURSUANT TO RULE 26.1-1

1. Blake Warner (Appellant)

2. Akerman LLP (Attorneys for Appellee)

3. Fiore, Kristen M. (Attorney for Appellee)

4. Margolin, Jason L. (Attorney for Appellee)

5. Merryday, Steven D., U.S. Dist. Judge (M.D. Fla.)

6. Sneed, Julie S., U.S. Dist. Judge (M.D. Fla.)

7. Griffin, Lindsay S., U.S. Magistrate Judge (M.D. Fla.)

8. The School Board of Hillsborough County, Florida (Appellee)

**INTRODUCTION**

The School Board has incorrectly framed this issue as whether "three parties may enter into a contract where two parties (Party A and Party B) provide consideration to induce another party (Party C) to act". Heavily citing *Dorman v. Publix-Saenger-Sparks Theaters*, 184 So. 886, 889 (Fla. 1938).

However the real issue is whether the *same* consideration from the school board (promise to admit the child to certain schools) can support the releases of both the parent's and the child's claims, *not* whether Mr. Warner must personally benefit. Mr. Warner does not challenge that a promise that benefits J.W. can be valid consideration binding Mr. Warner, only that the consideration must be distinct from consideration that was given to J.W. for his releases because consideration must be something they were not already obligated to do. *Diaz v. Rood*, 851 So. 2d 843, 846 (Fla. 2d DCA 2003). If the School Board was already obligated to admit J.W. to specific schools due to their agreement with J.W., then that same promise cannot support the release of Warner's claims. Therefore *Dorman* is inapposite. On this point, the district court erred when it found that the same "consideration ... binds Warner, both individually and as the parent of J.W.". Doc. 120 pp. 5.

The Board further cites *Jenkins v. City Ice & Fuel Co.*, 160 So. 215, 218 (Fla.

3

1935) for the proposition that consideration can support multiple promises for the opposing parties. But this is inapposite because the issue is whether the consideration can support multiple promises to *multiple* parties (Warner and J.W.), not whether consideration can support multiple promises to the *same* party.

Finally, the Board argues that guarantor law supports their position, *see Fla. Asphalt Pavement Mfg. Co. v. Fed. Reserve Bank of Atlanta*, 76 F.2d 326, 327 (5th Cir. 1935). However, the Florida Supreme Court has specifically limited this exception to the guarantor context:

> "While ordinarily a contract of guaranty is separable from the debt of the person whose debt is guaranteed, yet 'where the guaranty or promise is made at the same time with the principal contract, and *1163 becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends to and sustains the promise of the principal debtor, and also the guarantor. No other consideration need be shown than that for the original agreement upon which the whole debt rested'; and in such case the creditor may join all or either in a suit on such debt. The fact that the debt may be evidenced by different instruments is immaterial." *see Jones v. McConnon & Co., 100 Fla. 1158*, 130 So. 760, 760 (1930)

The Court emphasized this was an exception to the general rule requiring separate consideration ("While ordinarily..."). The Board has cited no authority expanding this narrow guarantor to other contexts.

4

**CONCLUSION**

The School Board has not identified any Florida Supreme Court decision that directly resolves whether the same consideration can satisfy the consideration requirement for separate releases by different parties when one party receives no benefit whatsoever. The Board's attempts to analogize to guarantor law represent exactly the kind of legal speculation that certification is designed to avoid.

This Court should grant the motion to certify this important question of Florida contract law to the Florida Supreme Court.

**Certificate of Compliance FRAP 32(g)**

I certify that this paper contains 556 words and complies with type-volume limitations.

**Certificate of Service**

I certify that the foregoing motion was filed electronically on May 26, 2025, through the appellate CM/ECF system with the Clerk of the Court.

| May 26, 2025 | /s/blake warner |
|---|---|
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |